BUENA VISTA SPECIAL SCHOOL DIST. *et al.* v. BOARD OF ELECTION COM'RS OF CARROLL COUNTY *et. al.*

(*Jackson*, April Term, 1938.)

Opinion filed May 28, 1938.

G. C. CRIDER and W. H. LASSITER, both of Huntingdon, for appellants, Board of Election Commissioners et al.

PEELER & PEELER, of Camden, for appellees, Buena Vista Special School District et al.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree overruling a demurrer to the bill the defendants have appealed to this court.

By chapter 329 of the Private Acts of 1919, the Buena

Vista Special School District was established, the officers consisting of a board of five members who were placed in charge of the schools in said district. Chapter 552 of the Private Acts of 1937 authorized an election to be held by the qualified voters of this school district for the purpose of determining whether or not the school district should be managed by the county board of education or whether management should continue in the old board of directors. The Act provided that if a majority of the votes were for the change indicated "the School District will be operated by the County Board of Education of Carroll County, Tennessee, and be vested with all of the power and authority vested in said Board of Directors of the Buena Vista Special School District," and that the board of directors of the school district "shall cease to function and exist and is abolished." Section 4. The Act provided for the calling of one election only. Accordingly if the election went against the change, the Act was without effect.

In this suit constitutionality of the Act of 1937 was attacked on several grounds and, as stated heretofore, the chancellor overruled a demurrer to the bill.

█ While the Act is framed somewhat differently from others previously invalidated by the court, it is obvious that the Act will derive any efficacy it may have from a favorable popular vote. An unfavorable vote leaves the Act nugatory. The case, therefore, falls within the authority of *Wright* v. *Cunningham,* 115 Tenn., 445, 91 S. W., 293, and *Arthur* v. *State,* 148 Tenn., 434, 256 S. W., 437, in which cases it was held that no legislative Act can be so framed as that it must derive its efficacy from a popular vote.

The court has recently gone over this matter in *Clark*

*et al.* v. *State ex rel. Bobo,* 172 Tenn., 429, 113 S. W. (2d), 374, approved the rule stated, and distinguished that particular case from previous cases falling under the rule.

The chancellor was therefore correct in his conclusion that the Act of 1937 was unconstitutional. An injunction was granted, however, restraining the election commissioners from holding the election authorized by said Act. In this we think the chancellor went too far.

It is quite generally declared that a court of equity will not enjoin the holding of an election. Voters ordinarily have no such special interest in the matter as will justify them in seeking an injunction. Further, no one can tell what the result of an election will be and no complainant can say that he will be adversely affected by an election. Some courts refuse an injunction on a broader ground that the power to hold an election is a political power and that equity has no jurisdiction to restrain officers entrusted by law with the duty of holding elections from exercising such power. High on Injunctions, sections 1286, 1316, 1425; 32 C. J., 255; Note, 40 L. R. A. (N. S.), 576; Note, 33 A. L. R., 1376.

Under special circumstances, courts of equity have sometimes enjoined the holding of an election, but such circumstances do not exist here. We think, therefore, an injunction was not properly issued herein. The case, however, is one that seems properly to justify relief under the declaratory judgments statute. Under section 8836 of the Code any person whose rights, status, or other legal relations are affected by a statute is entitled to a declaration defining same. Inasmuch as the constitutionality of the Act of 1937 is involved herein the

Attorney-General of the State should be made a party under section 8845 of the Code.

The decree of the chancellor will therefore be modified and the cause remanded. Upon making the Attorney-General a party to the suit, the chancellor may proceed with the declaration as to the validity of said Act of 1937.

Divide the costs.