M. L. HALMONTALLER et al.

*v.*

CITY OF NASHVILLE.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for appellants.

FRANK S. KING, JR., Nashville, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The original bill in this cause was filed on behalf of a large number of employees of the City of Nashville of the Police and Fire Departments. These employees allege that for a considerable time and particularly between August 1, 1949, and March 17, 1952, that they were employees of the City, a municipal corporation organized and chartered by Chapter 246 of the Private

Acts of 1947, under which said City is charged with the duty of establishing and maintaining Police and Fire Departments.

The bill further alleges that in 1949, the present Mayor of the City of Nashville who was then in the State Legislature introduced a bill in the State Legislature which was enacted and became as Chapter 705 of the Private Acts of 1949. This bill provides (so far as here pertinent) in Section 1 as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That the Mayor and City Council of the City of Nashville, Tennessee, are hereby authorized *to hold a referendum of the voters* of said City for the purpose of permitting the qualified voters to express their will as to whether or not the employees of the City of Nashville shall be placed on a basis of a five day work week. If *a majority of the voters voting* in said election shall vote in favor of the five day work week, *it shall then be mandatory* upon the Mayor and City Council to carry out the will of said voters." (Emphasis ours.)

A referendum was held and a majority of the voters in the City voted and answered the following question on their ballot in the affirmative. The question:

"Is it the will of the qualified voters of the City of Nashville that the employees of the City of Nashville be placed on a basis of a five-day work week?"

The bill alleges that on the basis of this vote that other employees of the City were put on a five day work week but that the Fire and Police Departments were not put on such a five day work week until after February, 1952,

when the present Mayor addressed a letter to the Chairman of the Civil Service Commission requesting that this be done. The letter is copied in the bill.

It is alleged that since these employees who brought this suit had not been placed on a five day work week that they were entitled to back pay from the effective date of the Act, August 1, 1949, up until they were put on this five day work week on March 17, 1952. This suit is brought against the City for the purpose of these various employees collecting the amount due them for the extra day a week they worked during this period of time.

To this bill the City demurred on two grounds. The first is the only one necessary to here mention in view of our disposition of the matter. This ground is:

"The Private Act upon which complainants base their cause of action, and which is fully set out in the bill, is unconstitutional because it shows on its face that it must derive its efficacy from a popular vote of the qualified voters of the City of Nashville."

The Chancellor overruled both grounds of the demurrer but dismissed the cause of action for other reasons that he determined were shown on the face of the bill. Upon his action hereunder he allowed the appellants to amend their bill if they saw fit, and the City to answer this amendment. In due time the bill was amended and answered and then remained in the Chancery Court for many months when the City moved to dismiss because proof had not been taken under the amended bill and answer. Then it was that the present counsel for the appellants was employed, and after investigating the matter the appellants concluded then that the amendment and answers thereto were unnecessary and that the

cause should be determined on the averments of the original bill as set forth therein. Upon reaching this conclusion the appellants appeared before the successor to the Chancellor who originally heard this bill and asked to have their amendment and the answers thereto dismissed and to be allowed a discretionary appeal to this Court on the bill and demurrer and the opinion of the original Chancellor. This was done. The cause was then appealed to this Court on a discretionary appeal where excellent briefs have been filed, arguments heard and we now have the matter for disposition.

The Chancellor was of the opinion that the ground of the demurrer above quoted should be overruled because the present case falls within the exceptions mentioned in *Wright v. Cunningham,* 115 Tenn. 445, 91 S.W. 293, and other cases. We, after reading all of these cases and making other investigation of the authorities and re-reading the opinion in *Wright v. Cunningham,* supra, have concluded that the Chancellor was in error in this. It is true that in *Wright v. Cunningham,* supra, there are many exceptions stated but upon the final analysis of that case it appears to us that the present Act comes clearly within the inhibition and the rule particularly adopted in *Wright v. Cunningham.* This Court in writing that opinion sets forth the reasons on both sides, and the authorities, but concludes that,

"the Legislature must exercise its own judgment definitely and finally, and can appeal to no other man or men to judge for them". Page 458 of 115 Tenn., at page 295 of 91 S.W.

In other words after reviewing the authorities pro and con on the question that is the conclusion of the court.

Since that time this case has been before the Court on various and sundry times and different statutory enactments. This Court though, in *Buena Vista, etc. v. Board of Election Commissioners, etc.*, 173 Tenn. 198, 116 S. W.2d 1008, succinctly and definitely follows what, to our minds, was laid down in *Wright v. Cunningham,* when this Court in the Buena Vista case said this:

"The Act provided for the calling of one election only. Accordingly if the election went against the change, the Act was without effect.

\* \* \* \* \* \*

"While the Act is framed somewhat differently from others previously invalidated by the court, it is obvious that the Act *will derive any efficacy it may have from a favorable popular vote. An unfavorable votes leaves the Act nugatory.* The case, therefore, falls within the authority of *Wright v. Cunningham,* 115 Tenn, 445, 91 S.W. 293, and *Arthur v. State,* 148 Tenn. 434, 256 S.W. 437, in which cases it was held that no legislative Act can be so framed as that it must derive its efficacy from a popular vote." Page 200 of 173 Tenn., at page 1009 of 116 S.W.2d (Emphasis ours).

■ From the mere reading (we have read it innumerable times) of the purpose of this Act from Section 1 as quoted herein it is perfectly obvious that there is only one election called for, and whether or not the Act becomes effective depends upon a favorable vote of the people. In other words the Act is not self executing and does not become effective unless the people of the City of Nashville vote favorably therefor. We therefore must sustain the first ground of the demurrer and hold that the Act is unconstitutional for the reasons set forth

above and in particular those as quoted from *Buena Vista v. Board of Election Commissioners, etc.,* supra.

This conclusion seems reasonable and fair to us. The City has in compliance with the letter of the Mayor which is copied in this bill, tried to do the things to favor better working conditions for the City employees and as is obvious from the statements of this letter it has taken some time to work these things out for the Fire and Police Departments. Of course without stating, the arrangements of working out with these Departments takes far more time and change in personnel, etc., than would take in other departments. It seems reasonable that these employees of the Fire and Police Departments should have expected this when it was started to put in this five day work week for the others. There are various and sundry arguments and statements made in the able opinion of the Chancellor and the very excellent briefs on both sides here which though are not pertinent or necessary for a decision in this lawsuit.

We must affirm the conclusion of the Chancery Court though as said above for an entirely different reason. In this we hold that the Act is unconstitutional and therefore no remunerative rights would accrue to these appellants by reason of the fact that other employees were put on a five day work week before they were. The first ground of the demurrer is therefore sustained and the bill dismissed at the cost of the appellants.