LOBELVILLE SPECIAL SCHOOL DISTRICT

*v.*

GEORGE F. McCANLESS et al.

381 S.W.2d 273.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

WILLIAM J. PEELER, Waverly, MURRAY & PEELER, Waverly, of counsel, for petitioner.

MARNE S. MATHERNE, WALKER T. TIPTON, Assistant Attorneys General, W. C. KEATON, Hohenwald, R. R. HAGGARD, JR., Waynesboro, for respondents.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

Prior to 1963 the Perry County Board of Education decided to consolidate the schools in the Fourth Civil District of Perry County, Tennessee, with the public high school that is situated in Linden, Tennessee. It should be noted at the outset, that the Fourth Civil District of Perry County comprises the Lobelville Special School District which was created by Chapter 277 of the Private Acts of Tennessee in March of 1963. This Act was passed after the declaration of intent on the part of the Perry County School Board to consolidate the two school systems in question.

The Perry County School Board then sought, and obtained, a ruling from the State Board of Education to the effect that Chapter 277 of the Private Acts in question was invalid and inoperative because there were not enough students in Lobelville Special School District to meet the requirements of the State Board of Education.

These requirements were formulated pursuant to T.C.A. sec. 49-233, the constitutionality of which is the subject of this action.

Petitioner sought a ruling under our Declaratory Judgment Acts, T.C.A. sec. 23-1101 et seq., on the constitutionality of T.C.A. sec. 49-233. The Davidson County Chancery Court ruled the Act constitutional and this appeal followed.

The challenged Section 49-233 of the Tennessee Code Annotated reads as follows:

"No city school system or special district school system shall be created or reactivated for the purpose of operating a system of schools, unless such school

system is large enough to offer adequate educational opportunities, for the pupils of grades one (1) through twelve (12) in keeping with standards established by the state board of education. In establishing such standards, the state board of education is authorized and directed to take into consideration such factors as (1) the scholastic population of such city or special school district according to the most recent census, (2) the financial ability per pupil of scholastic population, and (3) the expressed willingness of the people of such city or special school district, as indicated by a majority of its legal voters in a referendum, to raise local funds which, together with school funds received from the state and other sources, shall be sufficient to provide adequate educational opportunities for their children."

In the light of the foregoing statute, the petitioner contends:

(1) that T.C.A. sec. 49-233 amounts to a delegation of legislative power to an administrative body;

(2) that T.C.A. sec. 49-233 is so formed as to draw its efficacy from a vote of the people;

(3) the Act is so framed as to allow the State Board of Education unreasonable and arbitrary authority.

█ A concise and accurate test to be used in determining whether or not a grant of power to an administrative body constitutes an unlawful delegation of legislative power is:

"The true distinction is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an

authority or discretion as to its execution, to be exercised under and in pursuance of the law; * * * it is only necessary that the statute establish a sufficient basic standard, a definite and certain policy and rule of action for the guidance of the instrumentality that is to administer the law, * * *" 16 C.J.S. Constitutional Law sec. 133, pages 560-561.

■ This statute, we feel, meets the tests just enumerated. It is, in our opinion, a conferring of authority upon the State Board of Education only as to the execution of its provisions with due discretion and in pursuance of its terms.

In T.C.A. sec. 49-233 the State has established a basic standard accompanied by a definite and certain policy, with a rule of action for the guidance of the State Board of Education.

The Act provides for reactivating a special school district only if the requirements of the Board are met. These requirements of the Board are not set arbitrarily because the Board has, as a guide, factors such as the scholastic population, financial ability per pupil, and the willingness of the people to help support the school system.

This is in accord with the principle stated by this Court in *McQueen v. McCanless*, 182 Tenn. 453, 187 S.W. 2d 630, that the Legislature in conferring authority upon an administrative agency to enforce or administer a particular statute, only gives direction to such agency to enable it to more efficiently carry out the policy of the State as expressed in the statute.

■■ The Legislature may constitutionally delegate to officials or agencies powers of administration to be

exercised upon discretion. Moreover, if a statute confers power upon a board and creates machinery for its execution, the fact that the one to whom the authority is given has discretion to determine whether the occasion for its exercise arises, (as does the Board of Education under T.C.A. sec. 49-233) does not ·make it invalid. *State ex rel. Llewellyn v. Knox County,* 165 Tenn. 319, 54 S.W.2d 973; *Richardson v. Reese,* 165 Tenn. 661, 57 S.W.2d 797.

■ Further T.C.A. sec. 49-233 is complete in itself and designed to accomplish the regulation of the particular matters (creation and renewal of school districts) within its jurisdiction. In this context the Legislature may expressly authorize an administrative commission to provide, within limits, (as here with the State Board of Education) rules and regulations for the complete operation and enforcement of the law within its general purpose. *Dept. of Public Welfare v. National Help "U" Ass'n,* 197 Tenn. 8, 270 S.W.2d 337.

In the very recent case of *Tasco Developing and Building Corp. v. Long,* 212 Tenn. 96, 368 S.W.2d 65, we said that statutes should be given a construction which will not render them useless. Also, the enactment of reasonable rules and regulations, and their enforcement, is more or less an administrative function and not the exercise of a legislative power or function. The Legislature may also constitutionally delegate discretionary powers to administrative bodies.

In the Tasco case, supra, a board for licensing general contractors was given by statute, power to make rules and regulations that it deemed best, and nowhere was there an enumeration of the terms and conditions whereby a license might be granted; yet still we held that this

act allowed the board to place reasonable regulations on the qualifications of general contractors for licenses so long as the board did not act capriciously.

In the Act now in question, T.C.A. sec. 49-233, there exists a partial enumeration of conditions and factors to be considered in decisions on standards to be set by the State Board of Education. This addition of statutory guides in T.C.A. sec. 49-233 makes an even stronger case for validity than the Section 62-601 et seq., T.C.A., at issue in Tasco, supra.

Consequently we are of the opinion that there was no improper delegation of legislative power to the State Board of Education by T.C.A. sec. 49-233.

It is an accepted rule of law in this State that no legislative act may be so framed that it derives its efficacy from a popular vote. *Wright v. Cunningham,* 115 Tenn. 445, 91 S.W. 293.

Webster's New International Dictionary defines efficacy as a means of exerting such power; also effect or force.

It is difficult to construe T.C.A. sec. 49-233 with its directive terms in a manner that sustains petitioner's contention that it derives its efficacy from popular vote.

An examination of the cases relied upon by petitioner shows that they are easily distinguishable. In *Wright v. Cunningham,* supra, the act in question was not to be in force in any county which did not adopt it by a majority vote. The act in controversy in *Arthur v. State,* 148 Tenn. 434, 256 S.W. 437; provided that it took effect only if indorsed by a popular vote. In *Halmontaller v. Nashville,* 206 Tenn. 64, 332 S.W.2d 163, it was manda-

tory that the mayor and city council carry out the will of the majority of the voters.

In T.C.A. sec. 49-233 the Board is directed to consider, as one of three criteria the will of the people to help finance a school district as evidenced by their popular vote. The vote is just a factor to consider in the establishment of standards by the Board, not to determine the applicability of the statute or make its enforcement mandatory.

In all events, the State Board still has the prerogative to refuse a school district even after the vote of the people, all it need do is consider this vote in connection with the scholastic population, and financial ability per pupil of the population.

Notice also that these three things which the Board is directed to consider are to be considered from other factors, for the Act says: "Consideration of such factors as * * *."

This implies that consideration is directed at, but not limited to, the three enumerated criterion.

The final objection of petitioner is that the Act allows the State Board of Education to act in an unreasonable and arbitrary manner if it so desires. This is not the case, however, because the Act specifically directs the Board to consider, among other things, three definite factors in reaching its decision on standards. Since the weighing of these factors is mandatory the Board must conform to the Act and this precludes arbitrary or unreasonable action.

Judgment of the Chancellor for the respondent is hereby affirmed and costs are taxed accordingly.