See also D.C., 279 F.Supp. 290.

**Russell DODD et al., Plaintiffs,**

v.

**L. H. BARNES et al., Defendants.**

**Civ. A. No. 819.**

United States District Court
E. D. Tennessee,
Winchester Division.

Aug. 11, 1967.

Harry W. Camp, McMinnville, Tenn., for plaintiffs.

Paul E. Jennings, Asst. Atty. Gen., Nashville, Tenn., for defendant McCanless.

Edwin F. Hunt, Nashville, Tenn., for balance of defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by certain voters of Warren County, Tennessee, claiming that their federally-protected rights have been, and are being, circumvented by the malfeasance and current nonfeasance of the General Assembly of Tennessee and the Quarterly County Court of that county by the continuing malapportionment of the membership of the County Board of School Commissioners of that county. The plaintiffs seek equitable relief therefrom if invidious discrimination against such voters is decreed to be extant.

■ The Attorney General of Tennessee was joined as a party defendant herein and moved that this action be dismissed as to him on the ground that he is not an indispensable party. This motion was overruled. T.C.A. § 23–1107, construed in Cummings v. Beeler (1949), 189 Tenn. 151, 158, 223 S.W.2d 913, 914 [4], Buena Vista Special School Dist. et al. v. Board of Election Com'rs of Carroll County et al. (1938), 173 Tenn. 198, 116 S.W.2d 1008, 1108, 1109 [4, 5] and Peters v. O'Brien (1925), 152 Tenn. 466, 278 S.W. 660; see also the distinguishing opinion in Shelby County Board of Commrs. v. Shelby County Quarterly Court (1965), 216 Tenn. 470, 392 S.W.2d 935. Memorandum opinion and order of this Court of February 2, 1967.

The Chief Judge of the United States Court of Appeals for the Sixth Circuit designated the then active district judges of this District as a three-judge court to hear and determine this action on March 7, 1967, but on March 13, 1967, the said Chief Judge reconstituted the Court with a circuit judge and two district judges, as provided by 28 U.S.C. § 2284. Upon consideration, the reconstituted three-judge court was of the opinion that 28 U.S.C. § 2284 was without application and that a three-judge court lacked jurisdiction, Moody v. Flowers (1967),[1] 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643; Ex Parte Public National Bank of New York (1928), 278 U.S. 101, 104, 49 S.Ct. 43, 44, 73 L.Ed. 202; Ex Parte Collins (1928), 277 U.S. 565, 567–569, 48 S.Ct. 585, 586, 72 L.Ed. 990; Ellis v. Mayor & City Council of Baltimore, D.C.Md. (1964), 234 F.Supp. 945, 946 fn. 1; Johnson v. Genessee County, Michigan, D.C.Mich, (1964), 232 F.Supp. 563, 565–566 [1], [2], and the three-judge court was thereupon dissolved and the action remanded to this single-judge District Court for further proceedings.

■ It appeared to this judge, after remand, that the equity jurisdiction of this Court appeared to have been properly invoked by the plaintiffs, but the Court considered, on its own motion, whether it should abstain at this time, in the discretionary exercise of such equity powers, from the determination sought. The Court noticed judicially that representatives to the Tennessee Legislature, who represent Warren County, are chosen in elections in which all eligible voters of that county are entitled to cast their respective ballots; that, primarily, " * * * '[f]or protection against abuses by legislatures the people [should] resort to the polls, not to the courts.' * * * " Williamson v. Lee Optical of Okla. (1955), 348 U.S. 483, 488, 75 S.Ct. 461, 465, 99 L.Ed. 563, 572 (headnote 5); that the Tennessee Legislature will resume its sessions next Spring; that the members of that body as well as the members of the Warren County Quarterly Court are under no less an oath to uphold the Constitutions of the United States and the State of Tennessee and laws enacted pursuant thereto, cf. Hill v. County Board of Education of Franklin County, Tenn., D.C.Tenn. (1964), 232 F.Supp. 671, 675 [1], than is a judge of this Court, if, in fact, invidious discrimination is being practiced against any Warren County voters, as charged by the plaintiffs.

1. Decided May 22, 1967.

This Court observed that the respective members of those respective bodies have the obligation under their respective oaths of office to see that any invidious discrimination extant is corrected, in which event it would be unnecessary for a federal court to interfere in the internal affairs of Warren County for the purpose of protecting the federally-guaranteed rights of its citizens. It was pointed out that those who contend so urgently for states' rights must exercise unhesitatingly those rights, especially where the rights involved are also federally-guaranteed.

It was also stated that this Court, now being asked to invade an area of purely local concern in Warren County, " * * * is loathe to interfere in the internal affairs of a State. The sovereignty of the States, within the boundaries reserved to them by the [federal] Constitution, is one of the keystones upon which our government was founded and is of vital importance to its preservation. * * * " N. A. A. C. P. v. Thompson, C.A. 5th (1966), 357 F.2d 831, 832–833 [1]; see also Baker v. Carr, D.C.Tenn. (1962), 206 F.Supp. 341, 348 [8] and Lisco v. McNichols, D.C.Colo. (1962), 208 F.Supp. 471, 476 [11]. " * * * When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right. * * * 'Acts generally lawful may become unlawful when done to accomplish an unlawful end.' * * * " Gomillion v. Lightfoot (1960), 364 U.S. 339, 347, 81 S.Ct. 125, 130, 5 L.Ed.2d 110, 117 (headnotes 14, 15), cited and quoted from in part Gray v. Sanders (1963), 372 U.S. 368, 380, 83 S.Ct. 801, 9 L.Ed.2d 821, 830 (headnote 18), and again in Reynolds v. Sims (1964), 377 U.S. 533, 566, 84 S.Ct. 1362, 12 L.Ed.2d 506, 530 (headnote 16).

" * * * The abstention doctrine is not an automatic rule * * *; it rather involves a discretionary exercise of a court's equity powers. Ascertainment of whether there exists the 'special circumstances' * * * prerequisite to its application must be made on a case-to-case basis. * * * " Baggett v. Bullitt (1964), 377 U.S. 360, 375, 84 S.Ct. 1316, 1324, 11 L.Ed.2d 377, 387 (headnote 9).

The plaintiffs herein insist that the Warren County Board of School Commissioners is a legislative agency which must be apportioned on the one man-one vote principle enunciated by the Supreme Court in Reynolds v. Sims, supra. The defendants, on the other hand, are equally insistent that the members of that board are of the nonlegislative character who may be appointed by the governor, appointed by the legislature, elected by the people, or selected by a combination of the elective and appointive systems, and thus, that the one-man-one-vote doctrine has no relevancy. Cf. Sailors v. Kent County Bd. of Education (1967), 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650. Neither adversary counsel nor the Court are aware of any expression from the courts of Tennessee determinative of this issue.

" * * * The principle is well established and without dispute that under the rule of comity under our dual [federal and state] system of Government in cases involving state laws * * * equitable considerations will under certain circumstances require federal courts to stay their hands where the parties have an adequate, speedy and complete determination of the controversy [available to them] in a state tribunal. * * * The Supreme Court has held that where there is pending in the federal court a case involving the construction of a state law and if one construction will remove the federal question a federal court should stay its hand, retain jurisdiction and relegate the parties to the state courts to first seek a construction of the statute. * * * " General Investment & Serv. Corp. v. Wichita Water Co., C.A. 10th (1956), 236 F.2d 464, 468 [4], citing Meredith v. City of Winter Haven (1943), 320 U.S. 228, 64 S.Ct. 7, 88 L. Ed. 9. It is only when " * * * the relevant state constitutional and statu-

tory provisions are plain and unambiguous * * * " that a federal court should not abstain to permit a state court to decide questions of state law involved in federal litigation. Davis v. Mann (1964), 377 U.S. 678, 690, 84 S.Ct. 1441, 1447, 12 L.Ed.2d 609, 617 (headnote 4).

It has been held, in fact, that where " * * * it does not appear that the statutory [provisions] in question have as yet been construed by the state courts * * * ", it is error for a federal court to dispose " * * * of the complaint on the merits. * * * " Shipman v. Dupre (1950), 339 U.S. 321, 322, 70 S.Ct. 640, 641, 94 L.Ed. 877, 878 (headnote 1). The rule has been thus stated: " * * * Where a state statute * * * is challenged in a Federal court as violating the Federal Constitution and it has not as yet been construed by the state courts, and consequently it is still possible that a construction by the state courts may avoid the [federal] constitutional issue, it is the proper proceeding for the Federal Court not to dispose of the case on the merits, but to retain jurisdiction of the complaint for a reasonable time, to afford the plaintiffs an opportunity to obtain, by appropriate proceedings, a construction by the state court of the statutory provisions involved. * * * " Anno.—Remission of Issues to State Courts, 94 L.Ed. 879, § 2; see also American Federation of Labor, Metal Trades Dept. v. Watson (1946), 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873. Further: " * * * In a situation in which an action is brought in a federal court 'for relief against questionable state law, or some form of allegedly invalid state action', the practice has [sic: uniformly] been to remit the parties to the state courts, whereas 'in actions brought for relief in accord with state law, or state action,' the practice has been not to remit the parties to the state court.

* * * " Anno.: Remission of Issues to State Courts, 3 L.Ed.2d 1829, § 2, fn. 17, citing Sterling Drug, Inc. v. Anderson, D.C.Tenn. (1954), 127 F.Supp. 511.

The Supreme Court of the United States has " * * * always insisted that, if possible, state courts be permitted to decide difficult and uncertain questions of state law before the federal courts do so * * * ." Williams v. State of Georgia (1955), 349 U.S. 375, 396, 75 S.Ct. 814, 826, 99 L.Ed. 1161, 1166, 1177 (headnote 13), dissenting opinion.[2] It is precarious business for a federal court " * * * to adjudicate a federal issue dependent on what the [federal court] finds to be the state law, when the [state courts] have not given the [federal court] authoritative guidance regarding * * * [the state] * * * law. * * * It ought to be possible to suspend definitive judgment on the federal issue until a pronouncement can be had from the state court on controlling state law. * * * " General Box Co. v. United States (1956), 351 U.S. 159, 168, 76 S.Ct. 728, 734, 100 L.Ed. 1055, 1062–1063 (headnote 10).

■ There is every reason for this Court to believe that the Tennessee courts will accord the issues presented here expeditious handling,[3] because the interests of such a large segment of the public are involved. If invidious discrimination is found to exist in a manner proscribed by law, this Court is confident that the plaintiffs will be accorded the same remedies due in the state courts as would be accorded them in a federal court. " * * * Nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. * * * " Dowd Box Co. v. Courtney (1962), 368 U.S. 502, 507, 82 S.Ct. 519, 522, 7 L.Ed.2d 483, 487 (headnote 2). The expense to plaintiffs as between disposition on the merits in this Court

2. In the recent case of Dusch v. Davis (1967), 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656, it was noted by footnote that the plaintiffs there had exhausted attempts to obtain relief in the state courts before resorting to the federal courts.

3. Counsel for the defendants has pledged in written brief and orally in open court to cooperate to this end.

and in the courts of Tennessee can be reasonably equated. The potentially controlling, difficult, uncertain, unclear and ambiguous provisions of Tennessee statutory law are given to more authoritative construction by Tennessee courts than by courts of the United States. In short, there appears to be every reason for this Court to now abstain in this action, and no reason for it to proceed to determine this complaint on the merits, until the plaintiffs have a reasonable opportunity to obtain, by appropriate proceedings in the state courts, a decision on the issues presented. If the plaintiffs are not entitled to relief, the state court is competent to so declare. If the plaintiffs are entitled to relief, the state court is equally competent and empowered to grant it as is this Court. In other words, there is no occasion for the plaintiffs to apply to the state courts and then return to this Court for relief, provided any rights of Warren County voters under federal law have been effectively granted the plaintiffs in the state courts.

Accordingly, this Court hereby abstains for the time from a consideration of the complaint herein on the merits. All other matters hereby are reserved. The clerk will place this action on the calendar for further sounding on July 16, 1968.