## IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

**FOR PUBLICATION**

**Filed:** _____September 8, 1997_____

ROBERT BEAN, FRANKLIN )
SHAFFER, DAVID AUTRY, )
MACK ROBERTS, KEVIN ANTLE, )
TOM NICHOLS, TAMMIE BEASLEY, )
and ROXANNE LUCE, )
                                    )
       Plaintiffs/Appellees, )
                                    )
v. )
                                    )
NED RAY McWHERTER, in his )
capacity as Governor of the State of )
Tennessee, CHARLES W. BURSON, )
Attorney General of the State of )
Tennessee, TENNESSEE WILDLIFE )
RESOURCES COMMISSION, and )
GARY MYERS, Director of the )
Wildlife Resources Agency, )
                                    )
       Defendants/Appellants. )

Davidson Chancery

Hon. Irvin H. Kilcrease, Jr.,
Chancellor

No. 01S01-9607-CH-00132

**FILED**

**September 8, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

FOR APPELLEES:

F. Clay Bailey, Jr.
Tune, Entrekin & White, P.C.
Nashville

FOR APPELLANTS:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Elizabeth P. McCarter
Senior Counsel

# O P I N I O N

COURT OF APPEALS REVERSED; CASE REMANDED          HOLDER, J.

This appeal addresses the General Assembly's power to delegate rule-making authority to administrative agencies. The Court of Appeals held that the General Assembly could not constitutionally delegate power to the Tennessee Wildlife Resources Commission ("TWRC") to add or delete animals from the dangerous species list. We reverse and hold that the legislature may delegate power to add and delete items from a statutory schedule absent explicit guidance standards. The legislature, however, must provide a basic standard accompanied by a general policy when delegating in areas concerning public health, safety, and general welfare.

## BACKGROUND

The plaintiffs, Robert Bean et al., claimed to be owners, dealers, or licensed propagators of various wildlife species. They filed a complaint seeking a declaratory judgment against the defendants, the TWRC and the Director of the Tennessee Wildlife Resources Agency ("Director"). The plaintiffs alleged that Tenn. Code Ann. § 70-4-403(1) & (3) violated the Tennessee Constitution by unlawfully delegating legislative authority to both the TWRC and to the Director.

The trial court granted the plaintiffs' petition. The trial court held the delegation unconstitutional because "the legislature did not provide the agencies with any standards by which they were to proceed in deleting or adding species under [the statute]." The Court of Appeals affirmed the trial court and held that the delegation was unconstitutional due to the absence of specific standards. The appellate court reasoned that, absent specific standards, the statute vests the TWRC and the Director with "the discretion to determine what the law shall be as opposed to discretion as to the law's execution."

We find the delegation of power constitutionally valid. For the reasons stated below, we reverse the Court of Appeals and dismiss the case.

## STATUTORY LANGUAGE

The issue in controversy concerns the statutory provisions in Tenn. Code Ann. § 70-4-403(1) & (3). This statute classifies Tennessee wildlife into five (5) general classes. Class I includes "all species inherently dangerous to humans."[1] Class II includes all native species ("presently occurring in the wild") not listed in another class. Class III is a domestic or semi-domestic class of animals that: (1) is not listed in other classifications; and (2) requires "no permits except those required by the department of agriculture."[2] Class IV includes native species that

---

[1] The following animals are enumerated as inherently dangerous:

(A)  Mammals:
       (I)  Primates - Gorillas, orangutans, chimpanzees, gibbons, siamangs, mandrills, drills, baboons, Gelada baboons;
       (ii)  Carnivores:
              (a)  Wolves - All species;
              (b)  Bears - All species; and
              (c)  Lions, tigers, leopards, jaguars, cheetahs, cougars - All species;
       (iii)  Order Proboscidia:  Elephants - All species;
       (iv)  Order Artiodactyla:  Rhinoceroses - All species;
       (v)  Order Artiodactyla:  Hippopotamus, African buffalo;
(B)  Reptiles:
       (I)  Order Crocodylia:  Crocodiles and alligators - All species; and
       (ii)  Order Serpentes:  Snakes - All poisonous species; and
(C)  Amphibians:  All poisonous species;

[2] Animals specifically listed as Class III are as follows:

(A)  Nonpoisonous reptiles and amphibians except caimans and gavials;
(B)  Rodents - Gerbils, hamsters, guinea pigs, rats, mice, squirrels and chipmunks;
(C)  Rabbits, hares, moles and shrews;
(D)  Ferrets and chinchillas;
(E)  Llamas, alpacas, guanacos, vicunas, camels, giraffes and bison;
(F)  Avian species not otherwise listed, excluding North American game birds, ostriches and cassowary;
(G)  Semi-domestic hogs, sheep and goats;
(H)  All fish held in aquaria;

(continued...)

3

may only be possessed by zoos and temporary exhibitors. Class V includes species that are injurious to the environment.[3]

This appeals focuses on Class I and Class III. Class I provides that "[t]he commission, in conjunction with the commissioner of agriculture, may add or delete species from the list of Class I wildlife by promulgating rules and regulations." Tenn. Code Ann. § 70-4-403(1). Class III permits "[t]he commission, in conjunction with the commissioner of agriculture, [to] add or delete species from the list of Class III wildlife by promulgating rules and regulations." The delegation of the authority to add and delete species from Class I and Class III is the focus of this appeal by the defendants. Tenn. Code Ann. § 70-4-403(3).

## ANALYSIS

The General Assembly may grant an administrative agency the power to promulgate rules and regulations which have the effect of law in the agency's area of operation. Tasco v. Long, 368 S.W.2d 65, 68-69 (1963). This grant of power, however, should be limited and defined in such a manner that administrative officials can discern and implement the legislature's will. 16 C.J.S.

---

[2](...continued)
(I)  Bovidae not otherwise listed;
(J)  Marsupials;
(K)  Common domestic farm animals;
(L)  Equidae;
(M)  Primates not otherwise listed;
(N)  Bobcat/domestic cat hybrids;
(O)  Hybrids resulting from a cross between a Class II species and a domestic animal or Class III species;
(P)  Cervidae except white-tailed deer; and
(Q)  Furbearing mammals, including those native to Tennessee, raised solely for the sale of fur.

[3] Class V species may only be held in zoos or under such conditions that will prevent their release into the environment.

4

Constitutional Law § 137, 448-49 (1984). An administrative agency may be afforded discretion as to implementation of legislative policy but not as to determination of that policy. State v. Edwards, 572 S.W.2d 917, 919 (Tenn. 1978).

Our review of previous case law reveals that this Court has never succinctly stated a test for determining whether a delegation of power is constitutional. In Lobelville v. McCanless, 381 S.W.2d 2d 273 (Tenn. 1964), this Court quoted 16 C.J.S. Constitutional Law § 133, 560-61 for the proposition that lawful delegations require a "sufficient basic standard" accompanied by "a definite and certain policy and rule of action." Id. at 274. Legislative delegations must also contain sufficient safeguards to prevent agencies from acting in an arbitrary manner. State v. Edwards, 572 S.W.2d 917, 919 (Tenn. 1978); Tasco Developing and Building Corp. v. Long, 368 S.W.2d 65 (Tenn. 1963). Prior case law, however, has not enunciated criteria for analyzing whether the legislature's guidelines or standards are adequate to prevent arbitrary action.

We are mindful of the need for guidance in this area. We have reexamined Tasco and its progeny and have created a test for analyzing the adequacy of the standards or guidelines contained in a statute alleged to have unlawfully delegated legislative power. We, therefore, hold that the test for determining whether a statute is an unlawful delegation is whether the statute contains sufficient standards or guidelines to enable both the agency and the courts to determine if the agency is carrying out the legislature's intent.

Governing standards need not be expressed provided such standards can be reasonably ascertained from the statutory scheme as a whole. The necessity of expressed standards is contingent upon the statute's subject matter and on

5

the degree of difficulty involved in articulating finite standards. Detailed or specific legislation may be neither required nor feasible when the subject matter requires an agency's expertise and flexibility to deal with complex and changing conditions.

The requirement of expressed standards may also be relaxed when the discretion to be exercised relates to or regulates for the protection of the public's health, safety, and welfare. In Tasco v. Long, 368 S.W.2d 65 (Tenn. 1963), this Court was confronted with a statute that delegated powers to a board to grant general contractor licenses.[4] The statute stated that the board

> shall have the power to make such by-laws, rules, and regulations
> as it shall deem best, providing the same are not in conflict with the
> laws of Tennessee.

Id. at 67. We interpreted the statute's standard as one of reasonableness. Id. at 67-69. The board, therefore, was given the discretion to act provided its decisions were neither arbitrary nor capricious and were in harmony with the laws of this state. Id. Although these guidelines were vague, they were held sufficient under the circumstances.

In Tasco, we found that the policy behind the statute was "to protect the general public from contractors who are not qualified to perform work which they

---

[4] The Court of Appeals held that the issue in Tasco was not whether the delegation was constitutional but whether the Board had exceeded its authority. We, however, framed the issue in Tasco as follows:

> The real question for consideration in this lawsuit is whether or not
> the State Board for Licensing General Contractors has the right,
> power, and authority to classify and limit the license which it issues
> to general contractors.

Tasco, 368 S.W.2d at 66.

have contracted . . ." Id. at 68.  Accordingly, Tasco teaches us that minutely detailed standards are not required when the statute's policy relates to public health, safety, or welfare and when flexibility is necessary for practical legislation.

The legislative policy of the present statute is clear.  The statute outlines a general scheme designed to protect the public from dangerous animals.  If the agency adds a non-enumerated animal to one of the legislative classes, that species is regulated pursuant to the legislative scheme.  The mere adding or deleting of animals from a nonexclusive list or moving an animal from one classification to another does not alter the legislative policy of providing public protection.  See State v. Edwards, 572 S.W.2d 917 (Tenn. 1978) (holding adding and deleting items from a non-exclusive list permissible).

Because the present statute concerns issues of public safety and welfare, the requirement of expressed or specific standards is relaxed.  The legislative standard for adding an animal to Class I is whether the animal is "inherently dangerous."  The legislature has also provided a non-exclusive list, in both Class I and Class III, of animals falling within the legislatively-created categories or classifications.  These lists provide the agency with additional criteria for classifying animals.

We have carefully considered the entire statutory scheme and find that the statute implies a standard of reasonableness.  We further find that the statute's guidelines are that animals possessing characteristics consistent with the legislature's listed examples and statutory definitions are to be classified pursuant to the legislative scheme.  These standards are clearly adequate to allow both us and the TWRC to determine whether the legislature's intent is being furthered.

7

We hold the present delegation of power constitutional. We reverse the Court of Appeals judgment and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellees, Robert Bean et al., for which execution may issue if necessary.

_____

Janice M. Holder, Justice

**Concurring:**   Anderson, C.J.
Drowota, Reid, Birch, J.J.

DRAFT: 12/4/00 10:35 H:\OPINIONS\TSC\973\beanr.opn
REV AUTHOR: dh
REV DATE/TIME: