# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 24, 2012 Session

# STATE OF TENNESSEE v. CHRISTOPHER KENNEDY

**Direct Appeal from the Circuit Court for Sevier County**
**No. 13713-III    Rex Henry Ogle, Judge**

————————————————

**No. E2011-00769-CCA-R3-CD - Filed June 12, 2012**

————————————————

The Defendant, Christopher Kennedy, pled guilty to aggravated sexual battery in exchange for a sentence of nine years to be served at 100%, followed by community supervision for life. After his release for that conviction, the Defendant was indicted for violating a condition of his community supervision. The Defendant filed a motion to declare Tennessee Code Annotated sections 39-13-524 through 526 unconstitutional "and/or" seek habeas corpus relief. After hearing the motion, the trial court granted relief, finding that Tennessee Code Annotated sections 39-13-524 through 526 violate double jeopardy protections. The State filed a timely notice of appealed. The Defendant cross appeals, asserting: (1) the community supervision for life statute is unconstitutional; and (2) the conditions for lifetime supervision established by the Board of Probation and Parole are void as the conditions are not enacted pursuant to the Uniform Administrative Procedures Act. Upon a review of the record, we conclude that the trial court improperly declared Tennessee Code Annotated sections 39-13-524 through 526 unconstitutional and that the trial court properly dismissed the remaining issues. Accordingly, we vacate the judgment of the trial court in part and affirm in part, and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part, Affirmed in Part, and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and JEFFREY S. BIVINS, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney

1

General; James Dunn, District Attorney General; and Barry A. Williams, Assistant District Attorney General, for the appellant, State of Tennessee.

Edward C. Miller, Dandridge, Tennessee for the appellee, Christopher Kennedy.

**OPINION**

**I. Facts and Procedural History**

On February 14, 2001, the Defendant agreed to plead guilty to aggravated sexual battery in exchange for a nine-year sentence to be served at 100%, followed by community supervision for life. The judgment form includes the following in the "Special Conditions" box:

> TO BE SERVED. ORDER TO SUBMIT SPECIMEN FOR DNA ANALYSIS. PURSUANT TO TCA 39-13-524 DEFENDANT IS SENTENCED TO COMMUNITY SUPERVISION FOR LIFE FOLLOWING EXPIRATION OF SENTENCE.

After his release from prison, a Sevier County grand jury issued an indictment on November 13, 2008, charging the Defendant with violating a condition of community supervision. The Defendant filed a motion, on March 17, 2009, entitled "MOTION TO DECLARE 39-13-524-526 UNCONSTITUTIONAL AND/OR FOR A WRIT OF HABEOUS [sic] CORPUS REMOVING THE DEFENDANT FROM COMMUNITY SUPERVISION FOR LIFE." In this motion, the Defendant asserted that the community supervision for life statutes violate the Due Process Clause, the Equal Protection Clause, the Free Exercise of Religion as guaranteed by the First Amendment, the Separation of Powers Doctrine, and the Double Jeopardy Clause. Further, he claimed that the lifetime supervision conditions established by the Board of Probation and Parole were void because they were not enacted pursuant to the Tennessee Administrative Procedures Act.

After several hearings on the motion, the trial court granted the Defendant relief, finding that Tennessee Code Annotated sections 39-13-524 through 39-13-526 violate the double jeopardy clauses of the United States and Tennessee constitutions. In its written order, the trial court stated the following:

> Contrary to the argument of the State Attorney General that [Community Supervision For Life ("CSFL")] could not be a violation of the Double Jeopardy Provisions because it was a collateral consequence, the Tennessee

2

Supreme Court held in [*Ward*] [ ] that it is not a collateral consequence but rather a direct and punitive consequence. This court is of the opinion that if CSFL is a direct and punitive consequence then the notions of double jeopardy are violated. The court also finds that the remaining . . .grounds that are alleged in the petition are without merit.

The trial court ordered that the indictment be dismissed and the Defendant no longer be subject to community supervision for life. The trial court also found that the other claims presented by the Defendant in his motion lacked merit. It is from this judgment that both the State and the Defendant appeal.

## II. Analysis

On appeal, the State asserts that the trial court erred in granting habeas corpus relief and finding that Tennessee Code Annotated sections 39-13-524 through 526 violate the double jeopardy clauses of the federal and state constitutions. The Defendant, on cross appeal, raises constitutional challenges to the statute and argues that the conditions established by the Tennessee Board of Probation and Parole are void as they were not enacted pursuant to the Uniform Administrative Procedures Act.

As a preliminary matter, we must first address the ambiguous nature of the petition heading: "MOTION TO DECLARE 39-13-524-526 UNCONSTITUTIONAL AND/OR FOR A WRIT OF HABEOUS [sic] CORPUS REMOVING THE DEFENDANT FROM COMMUNITY SUPERVISION FOR LIFE." The State argues that the Defendant is not entitled to habeas corpus relief because his petition "falls grossly short" of statutory requirements for petitions for the writ of habeas corpus, and the petition does not state a cognizable habeas corpus claim. The Defendant responds that the trial court did not grant habeas corpus relief. He contends that the "and/or" removes his petition from habeas corpus consideration and the trial court addressed only his request to declare the statutes unconstitutional. We acknowledge that strategically, this position allows the Defendant to avoid case law holding double jeopardy violations are generally not appropriately raised in petitions seeking the writ of habeas corpus. *See Ralph Phillip Claypole v. State*, No. M1999-02591-CCA-R3-PC (Tenn. Crim. App., at Nashville, May 16, 2001), *no Tenn. R. App. 11 application filed* (a double jeopardy claim is not cognizable in a habeas corpus proceeding); *see also Smith v. Hesson*, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (claims regarding violation of due process and equal protection do not state colorable claims for habeas corpus relief). Although, we agree with the State that the petition does not meet the strict habeas corpus requirements, we find it unnecessary to address habeas corpus issues

3

because we conclude that the statutes at issue are constitutional, and this conclusion is dispositive of this appeal.

## A. Double Jeopardy

The State asserts that the trial court erred in holding Tennessee Code Annotated sections 39-13-524 through 526 violate double jeopardy. We agree.

The Double Jeopardy Clause protects (1) against a second prosecution for the same offense after acquittal, conviction, or other trial resolution not caused by manifest necessity and (2) against multiple punishments for the same offense. *See North Carolina v. Pearce*, 89 S. Ct. 2072, 2076 (1969); *United States v. Johnson*, 584 F.2d 148, 153 (6th Cir.1978), cert. denied, 440 U.S. 918 (1979). When the issue, as in this case, relates to the imposition of multiple punishments and not to successive prosecutions, the analysis focuses completely upon determining whether the legislature intended that multiple punishments could be imposed for the same conduct. *See, e.g., Missouri v. Hunter*, 103 S. Ct. 673, 679 (1983); *Albernaz v. United States*, 101 S. Ct. 1137, 1143 (1981).

A sentence of community supervision for life for certain enumerated crimes is provided for in Tennessee Code Annotated section 39-13-524 as follows:

(a) In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502 [aggravated rape], § 39-13-503 [rape], § 39-13-504 [aggravated sexual battery], § 39-13-522 [rape of a child], or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life.

(b) The judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that the person is sentenced to community supervision for life.

(c) The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs.

(d)(1) A person on community supervision shall be under the jurisdiction,

supervision and control of the board of probation and parole in the same manner as a person under parole supervision. The board is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person.

(2) The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community supervision similar to the fee imposed by § 40-28-201. To the extent possible, the board shall set the fee in an amount that will substantially defray the cost of the community supervision program. The board shall also establish a fee waiver procedure for hardship cases and indigency.

T.C.A. § 39-13-524 (2010).

We respectfully disagree with the finding of the trial court that Tennessee Code Annotated section 39-13-524 through 526 violate double jeopardy protections. The first words of the Community Supervision for Life statutes are "*In addition to* the punishment authorized by the specific statute prohibiting the conduct . . . ." *Id*. (emphasis added). These words clearly reflect the legislature's intent to create a statutorily authorized punishment.

We also find no support in *Ward v. State*. 315 S.W.3d 461 (Tenn. 2010), for the Defendant's contention that the statutes providing for community supervision for life violate double jeopardy. In *Ward*, the defendant claimed that his plea was not knowing and voluntary because the trial court failed to advise him of the mandatory sentence of community supervision for life in addition to his incarceration. *Ward*, 315 S.W.3d at 463-64. Our Supreme Court concluded that:

the mandatory sentence of lifetime supervision imposed in addition to other statutorily authorized punishment is a direct and punitive consequence of a plea of guilty to the crimes enumerated in Tennessee Code Annotated section 39-13-524(a). Consequently, trial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement prior to accepting a guilty plea.

*Ward*, 315 S.W.3d at 476. Here, our Supreme Court specifically noted that supervision for life is imposed "in addition to other statutorily authorized punishment." *Id.*

5

In the Defendant's case, we are not dealing with two punishments for the same offense. Pursuant to a plea agreement, the Defendant's sentence for aggravated sexual battery consisted of a prison sentence to be followed by lifetime community supervision. In his brief, the Defendant also asserts that community supervision for life violates principles of double jeopardy because it provides for subsequent prosecution for the same offense after conviction. The recent indictment against the Defendant, however, alleges a new crime of violating the Defendant's lifetime community supervision. If convicted, he may be punished, but the punishment will be for violating lifetime community supervision, not for committing aggravated sexual battery. Therefore, the Defendant's indictment for violating a condition of community supervision for life is not a subsequent prosecution for the same offense. Accordingly, we reverse the trial court's grant of relief on the basis that Tennessee Code Annotated sections 39-13-524 through 526 violate double jeopardy protections, and remand this case for further proceedings consistent with this opinion.

## B. Constitutional Challenges

The trial court dismissed the other claims the Defendant presented in his petition. On cross appeal, the Defendant asserts multiple constitutional claims, some of which vary from those he presented to the trial court. As our role is to review the trial court, we address only the claims raised before the trial court. The Defendant claimed that the statutes providing for community supervision for life violate: (1) the separation of powers doctrine by impermissibly vesting a purely legislative power in an executive branch agency of the government, the Tennessee Board of Probation and Parole; (2) the Defendant's right to freedom of religion, because one of the conditions imposed upon the Defendant prevents him from attending church because churches "offer classes, ministries, choirs and activities for children;" and (3) due process, because the statute is void for vagueness for failing to detail the conditions of supervision.

Statutes are presumed to be constitutional. *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003); *State v. Robinson*, 29 S.W.3d 476, 479 (Tenn. 2000); *Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997). Courts are charged with upholding the constitutionality of statutes whenever possible and are required to indulge every presumption and resolve every doubt in favor of the constitutionality of a statute when reviewing it for possible constitutional infirmity. *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990).

The Defendant asserts that the relevant statutes improperly delegate legislative powers to a department within the executive branch. In general, "legislative power" is "the authority

to make, order, and repeal law." Id. The General Assembly may not delegate power that is "purely legislative." *State v. Edwards*, 572 S.W.2d 917, 919 (Tenn. 1978); *see also Chattanooga–Hamilton County Hosp. Auth. v. Chattanooga*, 580 S.W.2d 322, 328 (Tenn. 1979). Therefore, the General Assembly may not delegate to an executive branch agency the exercise of the legislature's discretion as to what the law shall be. *See Dep't of Pub. Welfare v. Nat'l Help "U" Ass'n*, 270 S.W.2d 337, 339 (1954). However, the General Assembly may delegate to an administrative agency the authority to implement the expressed policy of particular statutes. *See Edwards*, 572 S.W.2d at 919. A grant of such authority may include the power to promulgate rules and regulations that have the effect of law in the agency's area of operation. *See Bean v. McWherter*, 953 S.W.2d 197, 199 (Tenn. 1997). Because the enactment of reasonable rules and regulations is administrative in character, it does not amount to the exercise of a legislative function, despite the agency's exercise of discretion. *See Tasco Developing & Bldg. Corp. v. Long*, 368 S.W.2d 65, 68–69 (1963); *see also INS v. Chadha*, 462 U.S. 919, 953 n. 16 (1983) (noting that rulemaking by administrative agencies resembles lawmaking). The Tennessee Legislature determines the elements of all crimes, as is the case with the Defendant's aggravated sexual battery charge. For a conviction, these elements must be proven by the State and found beyond a reasonable doubt by the trier of fact, or admitted by a defendant during a guilty plea. The role of the Board of Probation and Parole is to determine and administer conditions of release, which does not amount to the determination of the elements of a crime. Therefore, we conclude that no violation of the Separation of Powers doctrine is present here.

The Defendant next claims that the relevant statutes are unconstitutional because they violate his First Amendment right to the free exercise of religion by restricting his church attendance. This allegedly unconstitutional restriction is found in the conditions of Community Supervision for Life authorized by the Board of Probation and Parole. The specific condition attacked by the Defendant reads as follows:

> I will only work or volunteer for businesses, organization[s] or activities approved by my treatment provider and my Officer. I am prohibited from any business, organization or activity which provides services or care to children under 18 or persons unable to give consent due to mental, physical or emotional limitations, or any other area or activity determined to be off-limits by my Officer, including but not limited to:
>
> a. Schools
> b. School, church or youth buses or bus stops

c.   Girl or Boy Scouts, clubs, or similar organizations
d.   Day care centers or private babysitting or child care
e.   Religious classes, ministries, choirs and activities for children under 18 years of age.
f.   Sports or leisure activities for children under 18 years of age.
g.   Parks, playgrounds, public swimming pools
h.   Arcades and amusement parks
I.   Loitering near public restrooms
j.   Any establishment whose primary purpose is the sale of alcohol.
k.   Other:

**waived by Board for** (state letter or ALL)        date

The Defendant's issue involves the constitutionality of a condition authorized by the Board of Probation and Parole rather than a provision of the Community Supervision for Life statute. As such, judicial review of any state administrative decision must begin with the Uniform Administrative Procedures Act. T.C.A. § 4-5-101 - 324 (2003). The Uniform Administrative Procedures Act, however, explicitly excludes from the contested case and judicial review provisions any decisions made by and actions taken by the Board of Probation and Parole. T.C.A. § 4-5-106(c) (2003). Therefore, the common-law writ of certiorari serves as the proper procedural vehicle for review of decisions by parole eligibility review boards and other similar administrative tribunals. *Willis v. Tenn. Dep't of Correction*, 113 S.W.3d 706, 712 (Tenn. 2003). The Defendant has not requested that this Court exercise its authority to grant a common-law writ of certiorari in this case. Nor do we believe, based on this record, that the common-law writ is an appropriate vehicle to address the Defendant's claim. Thus, the trial court properly dismissed the Defendant's claim pertaining to the constitutionality of conditions imposed pursuant to Tennessee Code Annotated section 39-13-524, and authorized by the Tennessee Board of Probation and Parole.

We note, however, that the Defendant's claim that the condition "essentially forbids the Defendant from exercising his 1st amendment rights to freedom of religion and freedom of assembly," is an overly broad statement of the restrictions of this condition. The law is clear that, even though a condition of probation may limit a defendant's rights, it may be appropriate nonetheless. *United States v. Peete*, 919 F.2d 1168, 1181 (6th Cir. 1990) ("Probation restrictions may affect fundamental rights such as freedom of speech and freedom of association if the conditions are primarily designed to meet the ends of rehabilitation and protect the public."); *Commonwealth v. LaPointe*, 759 N.E.2d 294, 298 (Mass. 2001) ("A probation condition is enforceable, even if it infringes on a defendant's

ability to exercise constitutionally protected rights, so long as the condition is 'reasonably related' to the goals of sentencing and probation."); *Purdy v. State*, 708 N.E.2d 20, 23 (Ind. Ct. App. 1999) ("[T]hose impingements [of a probationer's constitutionally protected rights] must be designed to accomplish the explicit goals of protecting the community and promoting the probationer's rehabilitation process."). Our review of the condition reveals that the Defendant is prohibited from "working or volunteering" for a business, organization or activity that serves children. In our view, the provisions and conditions of supervision, about which the Defendant complains in this appeal, are reasonably related to and primarily designed to meet the goal of protecting children from the Defendant. Furthermore, the written conditions provide for the possibility of a waiver of this condition under appropriate circumstances. Although the provision complained of does limit the Defendant, it does not broadly preclude all church attendance.

Finally, the Defendant claims that the statutes are unconstitutional because they are void for vagueness since they fail to specify the conditions of supervision. "A statute is void for vagueness if it is so vague, indefinite, and uncertain that persons must speculate as to its meaning, and if it fails to give a person of ordinary intelligence fair notice that his or her conduct is forbidden by the statute." *State v. Whaley*, 982 S.W.2d 346, 348 (Tenn. Crim. App. 1997). "The vagueness doctrine does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990). Here, the relevant statute clearly establishes the prohibited conduct, and that the Defendant would be placed under the Board of Probation and Parole's supervision for life.

Accordingly, the trial court did not err when it dismissed the Defendant's remaining constitutional challenges to Tennessee Code Annotated § 39-13-524 through 526. The Defendant is not entitled to relief as to these issues.

### C. Uniform Administrative Procedures Act

The Defendant also asserts that the conditions established by the Tennessee Board of Probation and Parole are void as they are not enacted pursuant to the Uniform Administrative Procedures Act.

The Uniform Administrative Procedures Act explicitly excludes, from the contested case and judicial review provisions, decisions made by and actions taken by the Tennessee Board of Probation and Parole. *See* T.C.A. § 4-5-106(c) (2003). The Legislature's intention

for the Board of Probation and Parole to determine and administer the conditions of community supervision is clearly stated in Tennessee Code Annotated section 39-13-534(d)(1) and (2). Accordingly, the trial court correctly dismissed this claim by the Defendant. As such, the Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the trial court erred when it declared Tennessee Code Annotated sections 39-13-524 through 526 unconstitutional. Thus, we vacate the trial court's judgment and remand for proceedings consistent with this opinion. As to the trial court's denial of relief to the Defendant on all remaining grounds, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE