IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2006 Session

## RICHARDSON'S BRENTWOOD HOMES v. TOWN OF COLLIERVILLE, TENNESSEE, MUNICIPAL PLANNING COMMISSION

Direct Appeal from the Chancery Court for Shelby County
No. CH-04-1916-3     D.J. Alissandratos, Chancellor

No. W2005-02172-COA-R3-CV - Filed May 17, 2006

The trial court dismissed Appellant's appeal of the Collierville Municipal Planning Commission's denial of Appellant's subdivision application as barred by the statute of limitations. We reverse, vacate the order of dismissal, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Order of Dismissal Vacated; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Michael G. McLaren and William E. Cochran, Jr., Memphis, Tennessee, for the appellant, Richardson's Brentwood Homes, Inc.

Edward J. McKenney, Jr., Memphis, Tennessee, for the appellee, Town of Collierville, Tennessee, Municipal Planning Commission.

**OPINION**

Richardson's Brentwood Homes, Inc. ("Richardson") appeals dismissal of its petition for certiorari to the Shelby County Chancery Court of the Collierville Municipal Planning Commission's ("the Commission") denial of Richardson's subdivision application. The trial court dismissed Richardson's appeal as barred by the sixty-day statute of limitations under Tennessee Code Annotated § 27-9-102. We reverse judgment, vacate the order of dismissal, and remand for further proceedings.

This dispute concerns Richardson's application to re-subdivide a 1.5 acre lot in a Collierville subdivision. In December 2003, the Commission deferred Richardson's application to re-subdivide divide property known as Lot #45 (alternately, "the lot") in the Houston Levee Trace Subdivision ("the subdivision") into four lots after several neighbors spoke in opposition to the plan. Richardson

subsequently submitted two alternate plans, one which divided Lot 45 into four lots, and one which divided it into three lots. At its January 5, 2004 meeting, the Commission voted to deny Richardson's application, although it is unclear from the minutes whether the Commission rejected one or both of the plans. The Commission did not provide written reasons for its denial of Richardson's application.

Richardson subsequently began construction of a home on the western portion of the lot. On August 2, 2004, Richardson again submitted his alternate application to subdivide the lot into three lots. The Commission again considered the application, permitted public comment on it, and again denied Richardson's application. On September 23, 2004, Richardson petitioned for a writ of certiorari in the Chancery Court for Shelby County pursuant to Tennessee Code Annotated § 27-9-102. In its answer, the Commission asserted, *inter alia*, that Richardson's petition should be dismissed as time-barred under Tennessee Code Annotated § 27-9-102.

On August 30, 2005, the trial court determined Richardson's petition was barred by the sixty-day limitations period prescribed by the statute. The court held that, although Richardson's petition was filed within sixty days of the Commission's denial of his August 2004 application, it was nonetheless time-barred where the plan submitted in August was not significantly different from the plan submitted in January and where "nothing else occurred to give [Richardson] any reason to believe that the outcome of its second application would be different than the outcome as to its original application." The trial court held, "under the circumstances presented, the January 5, 2004 decision denying [Richardson] the right to subdivide its residential entrance lot into three lots became final due to [Richardson's] failure to file a timely appeal, thus depriving this [c]ourt of subject matter jurisdiction . . . ." Richardson filed a timely notice of appeal to this Court.

### Issues Presented

The issue presented for our review, as we perceive it, is whether the trial court erred in its determination that Richardson's appeal was barred by the sixty-day limitations period prescribed by Tennessee Code Annotated § 27-9-102.

### Standard of Review

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

*Analysis*

The parties do not dispute that Richardson's application for certiorari was filed within sixty days of the Commission's August 2004 denial of Richardson's application. Rather, the trial court held the Commission's January 2004 decision became final when not appealed within sixty days, and that, because Richardson's August application was not substantively different from the January application and because nothing had transpired between January and August to lead Richardson to reasonably believe that the August application might nevertheless be accepted, Richardson's appeal of the August determination worked an end-run around the statute of limitations. We disagree.

We begin our analysis by noting that, as Richardson asserts, the Commission provided no written reasons for denial of its January application. Tennessee Code Annotated § 13-4-304 provides, "[t]he ground of disapproval of any plat shall be stated upon the records of the commission." Tenn. Code Ann. § 13-4-304(b)(1999). On January 6, the Commission notified Richardson of its actions in writing, stating:

> On January 5, 2004, the Planning Commission denied your request to re-subdivide Lot #45 within the Houston Levee Trace Subdivision. Decisions of the Planning Commission are final administrative decisions, therefore, any appeal of their decision would be made to a court of record.

Although the Commission stated no reason for denial of Richardson's application in its January 6 correspondence, the Commission asserts the transcript of its January 5, 2004, meeting clearly demonstrates that the application was denied because the proposed entrance lot would be less than the one-acre entrance lots in other subdivisions in the area. We disagree.

In their briefs to this Court, the parties propose differing interpretations regarding how detailed the grounds for denial must be under § 13-4-304(b). In this case, however, the Commission's official correspondence of January 6 denying Richardson's application provides no ground of disapproval. Further, we disagree with the Commission that the minutes of its January 5 meeting unambiguously demonstrate that the application was denied only because of lot size. First, as noted above, it is unclear whether the Commission considered Richardson's alternate application to divide Lot 45 into three lots. We note, moreover, that the Subdivision Regulations of the Municipal Planning Commission of the Town of Collierville provide, "[n]ormally, the Planning Commission will not accept applications for concurrent consideration of more than one of the required plans and plats for a given subdivision." Second, although the public comments included in the meeting minutes focus on lot size and the need to maintain property values by maintaining the design of Lot 45, the Commission also addressed matters concerning a brick structure currently on the lot, common open space, and maintenance and easement concerns.

We also disagree with the Commission and the trial court that nothing had occurred between January and August 2004 to give Richardson a reasonable expectation that his application to subdivide Lot 45 into three lots might be accepted. Although Richardson's plan was not

significantly altered between January and August, the proposed lot dimensions were somewhat altered to address the Commission's concerns regarding the width of the entry lot . Additionally, it is evident from this record that several issues affecting his proposed re-subdivision were addressed by the Town of Collierville and the Commission during this interim, including the easement discussed at the January meeting; the "entrance feature," which appears to be the brick structure discussed at the January meeting; a utility plan; grading and drainage plans; erosion control; and other issues.

This case highlights the importance of unambiguous compliance with § 13-4-304(b). As this Court has noted, "[r]equiring planning commissions to include the reasons for their actions in their official records promotes compliance with the law and protects against arbitrary decisions. It also facilitates judicial review of the commission's decisions." *B & B Enterprises of Wilson Co. v. City of Lebanon*, No. M2003-00267-COA-R3-CV, 2004 WL 2916141, at *11 (Tenn. Ct. App. Dec. 16, 2004)(*no perm. app. filed*)(citing *Hoover v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 905 (Tenn. Ct. App. 1996)). In this case, the Commission has failed to define the grounds for its denial of Richardson's application.

The moving party bears the burden of demonstrating an affirmative defense. *E.g., Assoc. of Owners of Regency Park Condo. v. Thomasson*, 878 S.W.2d 560, 566 (Tenn. Ct. App.1994) (quoting Tenn. Jur. Evidence § 50 (1984)). Even assuming, *arguendo*, that the Commission's willingness to entertain Richardson's August 2004 application did not suffice to demonstrate that the matter was not final in January 2004, the Commission has failed to carry its burden of demonstrating that Richardson's appeal should be dismissed as an attempt to work and end-run around the limitations period.

### *Holding*

In light of the foregoing, we reverse the judgment of the trial court. We vacate the order of dismissal and remand this matter for further proceedings. Costs of this appeal are taxed to Appellee Town of Collierville Municipal Planning Commission.

_____
DAVID R. FARMER, JUDGE