# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 20, 2012 Session

## JIMMY DILL v. CITY OF CLARKSVILLE, TENNESSEE, ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. MCCHCVDT105      Michael R. Jones, Judge**

**No. M2012-00356-COA-R3-CV - Filed November 6, 2012**

PATRICIA J. COTTRELL, P.J., M.S., concurring.

I concur in the majority's conclusion that the disciplinary action taken by the city must be set aside because of the failure to follow its own procedures for such action. However, I want to make clear that, in my opinion, Constitutional due process was not implicated. I believe relief is appropriate under the petition for other reasons.

When a trial court reviews an administrative decision, the action of the administrative body may be reversed or modified only if the court determines the action was: "(1) in violation of constitutional or statutory provisions; (2) in excess of statutory authority; (3) an unlawful procedure; (4) arbitrary or capricious; or (5) unsupported by material evidence." *Demonbreun v. Metropolitan Bd. of Zoning Appeals*, 206 S.W.3d 42, 46 (Tenn. Ct. App.2005) (citing *Massey v. Shelby County Retirement Bd.*, 813 S.W.2d 462, 464 (Tenn. Ct. App.1991)); *Christmas v. Town of Smyrna*, 2010 WL 4962900, at *2 (Tenn. Ct. App., Dec. 6, 2010). Additionally,

> In proceedings involving a common law writ of certiorari, illegal, arbitrary, or fraudulent actions include: 1) the failure to follow minimum standards of due process; 2) the misrepresentation or misapplication of a legal standard; 3) basing a decision on ulterior motives; and 4) violating applicable constitutional standards.

*Harding Academy v. the Metropolitan Government of Nashville and Davidson County*, 222 S.W.3d 350, 363 (Tenn.2007) (citing *Hoover, Inc. v. Metro Bd. of Zoning Appeals*, 924 S.W.2d 900, 905 (Tenn. Ct. App.1996)).

In this case, the city did not follow the procedures mandated by city ordinance. Accordingly, I would hold that the city's decision was in violation of the law governing such procedures and that it was, therefore, arbitrary and capricious.

While the city may have had evidence to support some disciplinary measure, *i.e.*, that Mr. Dill committed the actions complained of, the city official who is charged with determining the fairness of the punishment assessed did not perform his responsibilities prior to the discipline taking effect. Therefore, according to the city's ordinance, the punishment never took effect.

_____
PATRICIA J. COTTRELL, JUDGE