IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 3, 2020 Session

## ROGER GRIFFIN v. BOARD OF ZONING APPEALS FOR RUTHERFORD COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 19CV-534      Darrell. L. Scarlett, Judge**

_____

### No. M2019-02043-COA-R3-CV

_____

This case concerns the decision of the Rutherford County Board of Zoning Appeals ("BZA") to deny a property owner's application for a special exception to operate a major home-based business on his residential property. The property owner filed a petition for writ of certiorari in the Chancery Court, and the court upheld the BZA's decision. Discerning no error, we affirm the Chancery Court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Jay B. Jackson, Murfreesboro, Tennessee, for the appellant, Roger Griffin.

Nick C. Christiansen and Matthew Z. Huffer, Murfreesboro, Tennessee, for the appellees, Board of Zoning Appeals for Rutherford County, Tennessee and Rutherford County, Tennessee.

## OPINION

### I.      BACKGROUND

In 2018, prior to this action, a zoning enforcement action was brought against Roger Griffin ("Petitioner") because he had been for months operating without a permit a pressure washing business out of his home in Murfreesboro. Appellant's    home    is located in a cul-de-sac bordered by single-family homes, abuts a freshwater creek, and sits on property zoned RM (Medium Density Residential District).

Petitioner filed application 2019-002 for a special exception to operate a major home-based business pursuant to Section 1408 of the Rutherford County Zoning Ordinance. The application stated that Petitioner does not perform pressure washing at his residence, but does park his business vehicles there. Notably, Petitioner left blank the section of his application under, "Demonstrate that your proposal conforms to all applicable provisions of the Rutherford County Zoning Ordinance for the district in which it is to be located, is necessary for public convenience in that location, and if applicable, meets the specific standards contained in Section 1408 D–G . . . ." The parties acknowledge that Section 1408 applies to this action and provides, in pertinent part, as follows:

**1408 Special Exceptions**
The Board of Zoning Appeals may hear and decide, in accordance with the provisions of this ordinance, requests for special exceptions. For the purposes of administration of this ordinance, special exceptions shall be construed as synonymous with special exceptions, as controlled by TCA § 13-7-109.

A. Application for Special Exception, Notice of Public Hearing

A written application for a special exception shall be filed with the Planning Department by the property owner or his/her designated Attorney-in-Fact on forms provided by the Planning and Engineering Department, and the application shall contain information and exhibits as may be essential for determining where the provisions of this ordinance are being observed.

No more than 60 days after the filing of the application, a hearing shall be held on the application, unless otherwise withdrawn or postponed by written request by the applicant. Notice of hearing shall be in accordance with Subsection 1405 H.2.

No more than 90 days after the application is first considered by the Board, a final decision shall be made on the application. This provision may be waived by written request by the applicant or if the applicant does not object to an extension proposed by the Board.

. . .

C. General Requirements

A special exception shall only be granted provided the Board makes specific findings that it:

1. Is so designed, located, and proposed to be operated so that the public health, safety and welfare will be protected;

2. Will not adversely affect other property in the area in which it is located;

3. Conforms to all applicable provisions of this ordinance for the district in which it is to be located and is necessary for public convenience in that location and if applicable, meets the specific standards below.

4. Shall be located so as to be compatible with the surrounding area and provide safety to those using the facility.

D. Specific Standards for Residential Activities

. . .

2. Special Conditions for Major Home-Based Businesses

a. Major home-based businesses shall have no more than three (3) nonresident employees on the premises at any one time. The number of nonresident employees working at locations other than the home-based business is not limited.

b. Major home-based businesses shall be limited to the parking/storage of two (2) business vehicles on the premises. Vehicles shall not be stored in the front yard. For the purposes of this section, front yard shall be defined as the area from the front line of the dwelling unit to the property line. Vehicles with more than three (3) axles shall not be permitted on lots of less than two (2) acres.

. . .

g. Outdoor storage of any material used in connection with the home-based business, is permitted with Board of Zoning Appeals approval.

The BZA Staff Report found that Petitioner's Application failed to meet all the general requirements for a special exception as well as the specific standards for major home-based businesses. The Staff Report recommended that the BZA's approval of the application, if warranted, be conditioned upon continuous compliance with the applicable zoning provisions.

The BZA conducted a public hearing on Petitioner's application on February 13, 2019. Six Board members were present. First, the Staff Report was presented. The Staff Report indicated that "upon a site visit, there appeared to be two box trucks and two additional business trucks located on site."[1] Second, the County staff presented a PowerPoint showing photographs of the business vehicles, trailers, tanks, and business equipment stored on Petitioner's property. Third, Petitioner testified. Next, a number of neighbors presented their comments, observations, and concerns.

The record indicates that more than twenty neighbors attended the hearing and "several" others made telephone calls to voice their opposition to Petitioner's application. During the hearing, the neighbors spoke about and/or presented visual evidence of the following: (a) seeing two 1-ton crew-cab trucks, two big-box trucks, one flatbed with a 300-gallon tank, a 2-ton flatbed with a bigger tank, two 16-foot cargo trailers, and two open trailers with equipment parked on Petitioner's property; (b) the noise the work vehicles were causing early in the morning and late in the evening; (c) the increased traffic in the residential neighborhood from Petitioner's business vehicles and employees; (d) the number of employees exceeding what Section 1408 allows; (e) Petitioner's parking of his water tank equipment in the street to fill the tank with water from a public water source; (f) the location of the property on a residential cul-de-sac; (g) the parking of large business vehicles, trailers, and tanks next to the creek and conservation area on the back of the property; (h) general concerns about potential negative impact to their own property values;[2] and (i) that Petitioner's property is located in a quiet subdivision with wildlife and greenery, such that Petitioner's business does not conform to the surrounding area.

---

[1] In Rutherford County, a major home-based business is allowed up to two business vehicles, as set forth in Section 1408 D.2.b.

[2] The BZA specifically noted that it could not consider the neighbors' concerns regarding the effect of Petitioner's home-based business on their property values absent testimony from a qualified real estate appraiser.

Finally, Petitioner addressed the BZA again. At the end of the hearing, BZA member Farley moved to deny Petitioner's application stating, "[b]ased on the testimony, and based on the evidence that has been presented to us . . . there's going to be an adverse effect on the neighborhood." BZA Chairman Cantrell commented that the business was operating with more employees than was permissible under Section 1408, and member Farley then incorporated this reasoning into his original motion. BZA Vice-Chairman Sartain added that "a neighborhood business is supposed to be pretty much unseen and unheard. . . . because it's a residential neighborhood. And there's no way I see it meets item 4, which makes it compatible with the neighborhood, and for that reason, I second the motion."[3] The BZA unanimously denied Petitioner's application and later entered a formal order.

Petitioner filed a Petition for Writ of Certiorari in the Chancery Court alleging, among other things,[4] that the BZA's motion to deny his application "failed to cite any specific provision of the Rutherford County Zoning Ordinance." He further alleged that "there was no evidence placed in the record that justified the denial of [the] application," that the "denial was not based on any grounds contained in the Rutherford County Zoning Ordinance," and that "the denial was erroneous, improper, illegal, arbitrary, and capricious."

Following a hearing, the Chancery Court ruled that there was material evidence before the BZA that Petitioner's business did not meet the Section 1408 C.2. and the Section 1408 C.4. requirements that the business "not adversely affect other property in the area" and "shall be located so as to be compatible with the surrounding area and provide safety to those using the facility." Specifically, the Chancery Court found that "[t]he noise from the operation of Petitioner's business activities, including the noise from vehicles, some of which pull trailers and tanks, associated with Petitioner's business activities, adversely affect other properties in the area." The Chancery Court further cited the evidence before the BZA of the property's proximity to neighboring homes in a platted subdivision and "material evidence before the BZA that the business activities . . . as well as the aesthetics of the vehicles, trailers, and tanks associated with Petitioner's business, are not compatible with the surrounding area." The Chancery Court concluded that the BZA's decision did not exceed its jurisdiction, was not illegal, fraudulent, or arbitrary, and was supported by material evidence. Accordingly, the court affirmed the

---

[3] Section 1408 C.4. states that to grant a special exception, the BZA must specifically find compatibility with the surrounding area and safety to those using the facility.

[4] Petitioner later filed a Tennessee Rule of Civil Procedure 41 notice of voluntary nonsuit as to certain other claims within his petition and as against an individual defendant. The trial court dismissed those claims and the individual defendant by order entered June 26, 2019.

BZA's decision and dismissed the petition by order entered October 22, 2019. This appeal followed.

## II.     ISSUES

We restate the issues on appeal as follows: (1) Whether the trial court erred in finding that the BZA did not exceed its jurisdiction and did not act illegally, arbitrarily, or fraudulently; and (2) Whether the trial court erred by finding that there was material evidence to support the BZA's decision to deny Petitioner's application for a special exception for a major home-based business in a residential zoning area.

## III.     STANDARD OF REVIEW

In *Mitchell Whitson, et al. v. City of La Vergne Board of Zoning Appeals*, this court recently summarized the standard by which courts review a local zoning board's decision:

> The common law writ of certiorari is the proper vehicle by which to seek judicial review of decisions of a local board of zoning appeals because such an action is administrative or quasi-judicial in nature, involving the application of an existing zoning code to a particular set of facts. [Tenn. Code Ann. § 27-8-101;] *[s]ee McCallen v. City of Memphis*, 786 S.W.2d 633, 639–40 (Tenn. 1990); *State ex. rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 576 (Tenn. Ct. App. 2005); *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 57 (Tenn. Ct. App. 2004). Boards of zoning appeals generally engage in enforcing, applying, or executing laws already in existence. *See Weaver v. Knox Cnty. Bd. of Zoning Appeals*, 122 S.W.3d 781, 784 (Tenn. Ct. App. 2003); *Wilson Cnty. Youth Emergency Shelter, Inc. v. Wilson Cnty.*, 13 S.W.3d 338, 342 (Tenn. Ct. App. 1999).

> As this court has stated, "the only issue raised by a writ of common law certiorari is whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Hoover, Inc. v. Metro. Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996). Review by a court under the common law writ of certiorari is limited to a determination of whether the municipal agency acted illegally, arbitrarily, fraudulently, or in excess of its jurisdiction. *McCallen*, 786 S.W.2d at 638. The court determines "whether there is any material evidence that supports the action of the administrative agency." *Laidlaw Envtl. Servs. of Nashville, Inc. v. Metro. Bd. of Health*

*for Nashville & Davidson Cnty.*, 934 S.W.2d 40, 49 (Tenn. Ct. App. 1996). Under the common law writ, "courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the lower tribunal." *West*, 246 S.W.3d at 574 (citations omitted).

The issue of "[w]hether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency." *Massey v. Shelby Cnty. Ret. Bd.*, 813 S.W.2d 462, 465 (Tenn. Ct. App. 1991) (citing *Hoover Motor Express Co. v. R.R. & Pub. Utils. Comm'n*, 261 S.W.2d 233, 239 (Tenn. 1953)). With respect to conclusions of fact, Judge Ben Cantrell described the proper analysis for a reviewing court: "'The function of the reviewing court is limited to asking whether there was in the record before the fact-finding body any evidence of a material or substantial nature from which that body could have, by reasoning from that evidence, arrived at the conclusion of fact which is being reviewed.'" *Id.* (quoting B. Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 MEM. ST. U. L. REV. 19, 29–30 (1973)). The scope of review of the appellate courts "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board." *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980).

*Whitson v. City of La Vergne Bd. of Zoning Appeals*, No. M2019-00384-COA-R3-CV, 2020 WL 2745420, at *1–2 (Tenn. Ct. App. May 27, 2020).


## IV.    DISCUSSION

Whether characterized as administrative or quasi-judicial, decisions by local zoning boards and officials involve the exercise of the local government's police power to protect the health, safety, and welfare of their citizens. *Lafferty v. City of Winchester*, 46 S.W.3d 752, 758 (Tenn. Ct. App. 2000) (citations omitted). In recognition of the policy that favors permitting the community decision-makers closest to the events to make the decision, the courts refrain from substituting their judgments for the broad discretionary power of the local governmental body. *Id.* (citing *McCallen*, 786 S.W.2d at 641–42). Although "the BZA has authority to act under the zoning regulations, it must act 'within existing standards and guidelines.'" *Wilson Cnty. Youth Emergency Shelter, Inc. v. Wilson Cnty.*, 13 S.W.3d at 343 (quoting *McCallen*, 786 S.W.2d at 639). The

BZA "clearly does not have unbridled authority to deny an otherwise fully-compliant request simply because other citizens are opposed to the use." *Id*.

On appeal, Petitioner renews his arguments that the BZA did not articulate any specific factual basis in support of its decision to deny his application, rendering the decision arbitrary and illegal. He argues that the BZA failed to specify why or how his pressure washing business was not compatible with the neighborhood and based its decision "on the noisy opposition of the neighbors." Petitioner relies on a quote from *Hoover, Inc. v. Metro Board of Zoning Appeals* (*Hoover II*): ". . . a reviewing court cannot determine whether the decision of an administrative body is supported by material evidence unless the administrative body makes findings of fact setting forth the reasons for its decision." *Hoover II*, 924 S.W.2d at 904.

Petitioner's reliance on the above language is misplaced for two reasons. First, the facts of *Hoover II* are easily distinguishable from the facts before us. In *Hoover II*, four of the five board members expressed their beliefs that the applicant *had met* the legal conditions required to obtain the conditional use permit that it sought. *Id*. at 905. However, at the hearing, one of the board members stated,

> Due to all the facts that have been placed in front of me here, I think Hoover, Inc., and based on the legal matters put before me and all the rest of the testimony, I think that they meet all the obligations for us to grant them this permit. But as a human body here and as a person, I feel a moral obligation to the people that live out there. And a lot of them are neighbors to me, and I think I owe them much to, as I said, disapprove this quarry.

*Id*. We found that the above statement in the *Hoover II* record established that a board member based his decision to deny the permit on something other than whether the applicant had met the required conditions and thus found the decision to be arbitrary. *Id*. at 905–06. Here, both at the conclusion of the hearing and within its formal order, the BZA found that Petitioner failed to meet the general requirements of the applicable zoning ordinance, particularly requirement C.4. Second, in a subsequent decision, we found that the specific language Petitioner relies on from *Hoover II* is *dicta* and clarified that "[w]e are not aware of any general precedent placing an affirmative duty on a zoning board to pronounce specific findings of facts. In our judgment, such findings, while helpful, are not essential to judicial review under the material evidence standard." *Weaver*, 122 S.W.3d at 785.

Moreover, in this case, the BZA did not simply adopt the neighbors' complaints in opposition as its own reasoning. Rather, the record shows that the BZA members articulated three specific requirements of Section 1408 that Petitioner did not meet,

namely, those set forth in C.2., C.4., and D.2.a. The BZA's findings that Petitioner's business did not meet the aforementioned requirements were based on the photographs presented at the hearing, the Staff Report, comments from neighbors in attendance, and Petitioner's own hearing testimony that he employs five people who all begin and end the workday at his residence.[5] Petitioner's hearing testimony and the photographic evidence contrast with Petitioner's statement in his application that only three non-resident employees reported to the property each work day and that two vans belonging to the business would be parked on site.

With the above considerations in mind, we find Petitioner's characterization of the BZA proceedings to be inaccurate and his argument that the denial of his application lacked a factual basis to be meritless. The record before us contains material evidence to support the BZA's decision to deny Petitioner's application for a special exception for a major home-based business in a residential zoning area, and demonstrates that the BZA neither exceeded its jurisdiction nor acted illegally, arbitrarily, or fraudulently. *McCallen*, 786 S.W.2d at 638. We find no error in the Chancery Court's decision and, accordingly, affirm.

## V.    CONCLUSION

We affirm the judgment of the Chancery Court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Roger Griffin.

_____
JOHN W. McCLARTY, JUDGE

---

[5] In Rutherford County, a "[m]ajor home-based business shall have no more than three (3) nonresident employees on the premises at any one time." Section 1408 D.2.a.